Matter of Solny (2023 NY Slip Op 00034)

Matter of Solny

2023 NY Slip Op 00034

Decided on January 05, 2023

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 05, 2023
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Rolando T. Acosta,P.J.,
David Friedman
Ellen Gesmer
Anil C. Singh
Peter H. Moulton, JJ.

Motion No. 2022-03665 Case No. 2010-00091 

[*1]In the Matter of Sanford Solny, A Suspended Attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Sanford Solny, (OCA ATty. Reg. No. 1831403) Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on November 17, 1982.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Raymond Vallejo, of counsel), for petitioner.
Respondent pro se.

Per Curiam 

Respondent Sanford Solny was admitted to the practice of law in the State of New York by the Second Judicial Department on November 17, 1982. At all times relevant to this proceeding, respondent's principal place of business was within the First Judicial Department.[FN1]
In February 2017, respondent was indicted and charged with having committed eight violations of the Penal Law. On June 18, 2018, respondent pleaded guilty in Supreme Court, Queens County, to criminal possession of stolen property in the fourth degree, in violation of Penal Law § 165.45, a class E felony, in full satisfaction of the indictment. Respondent admitted that between August 2012 and January 2017, he engaged in the possession of stolen property in excess of a thousand dollars.
On August 20, 2019, respondent was sentenced to a term of probation of five years and a $100,000 fine. According to the plea minutes, in addition to pleading guilty and agreeing to a fine, respondent executed a monitoring agreement and a forfeiture agreement in the amount of $189,874, consented to certain deeds being deemed void ab initio and agreed to make restitution in the amount of $235,492.44.
By notice of motion, the Attorney Grievance Committee seeks an order striking respondent's name from the roll of attorneys, pursuant to Judiciary Law § 90(4)(a) and (b), and the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.12(c)(1), on the ground that he was convicted of a felony as defined by Judiciary Law § 90(4)(e), and has therefore been automatically disbarred. The Committee argues further that respondent engaged in professional misconduct by failing to report his conviction to the Committee as required by Judiciary Law § 90(4)(c) and 22 NYCRR 1240.12(a) (Matter of Reich, 206 AD3d 22 [1st Dept 2022]; Matter of Ahern, 205 AD3d 196 [1st Dept 2022]). The Committee only recently learned of respondent's felony conviction as a result of a newspaper article in the New York Times.
Respondent, pro se, has not appeared in this proceeding despite being duly served with this motion.
The Committee correctly asserts that respondent's conviction of the New York felony of criminal possession of stolen property in the fourth degree, in violation of Penal Law § 165.45, is a basis for automatic disbarment pursuant to Judiciary Law § 90(4). New York Judiciary Law § 90(4)(a) provides:
"Any person being an attorney and counsellor-at-law who shall be convicted of a felony as defined in paragraph e of this subdivision, shall upon such conviction, cease to be an attorney and counsellor-at-law, or to be competent to practice law as such."
Judiciary Law § 90(4)(b) provides:
"Whenever any attorney and counsellor-at-law shall be convicted of a felony as defined in paragraph e of this subdivision, there may be presented to the appellate division of the supreme court a certified or exemplified copy of the [*2]judgment of such conviction, and thereupon the name of the person so convicted shall, by order of the court, be struck from the roll of attorneys."
Judiciary Law § 90(4)(e) provides in pertinent part:
"For purposes of this subdivision, the term felony shall mean any criminal offense classified as a felony under the laws of this state ..."
As respondent's conviction of the felony of criminal possession of stolen property in the fourth degree constitutes grounds for disbarment, his name should be stricken from the rolls pursuant to Judiciary Law § 90(4)(a) and (b) and 22 NYCRR 1240.12(c)(1) (see Matter of Hanlon, 180 AD3d 51 [1st Dept 2019; Matter of Donson, 44 AD2d 335 [1st Dept 1974]; Matter of West, 43 AD3d 1452 [4th Dept 2007]).
Accordingly, the motion should be granted, and respondent's name is stricken from the roll of attorneys and counselors-at-law in the State of New York pursuant to Judiciary Law § 90(4) (b), and 22 NYCRR 1240.12(c)(1), nunc pro tunc to June 18, 2018 (date of conviction).
All concur.
IT IS ORDERED that the motion of the Attorney Grievance Committee for the First Judicial Department to strike the name of the respondent, Sanford Solny, from the roll of attorneys and counselors-at-law in the State of New York, pursuant to Judiciary Law § 90(4) is granted; and
IT IS FURTHER ORDERED that pursuant to Judiciary Law § 90(4)(a) and (b) and 22 NYCRR 1240.12(c)(1), the respondent, Sanford Solny, is disbarred, effective nunc pro tunc to June 18, 2018, and his name is stricken from the roll of attorneys and counselors-at-law; and
IT IS FURTHER ORDERED that pursuant to Judiciary Law § 90, respondent Sanford Solny is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
IT IS FURTHER ORDERED that respondent Sanford Solny shall comply with the rules governing the conduct of disbarred or suspended attorneys (see NYCRR 1240.15), which are made part hereof; and
IT IS FURTHER ORDERED that if respondent Sanford Solny has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency.
Entered: January 5, 2023

Footnotes

Footnote 1: By order and decision entered April 24, 2012, this Court found respondent guilty of professional misconduct and suspended him from the practice of law for a period of two years effective May 24, 2012, and until further order of the Court (Matter
of Solny, 96 AD3d 76 [1st Dept 2012]). Respondent has not applied for reinstatement and remains suspended from the practice of law.